**SIGNED THIS: February 16, 2010**

_____
**GERALD D. FINES
UNITED STATES BANKRUPTCY JUDGE**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

IN RE:                                        )
                                              )
CYNTHIA LEIGH SANDERS,      ) Bankruptcy Case No. 09-91176
                                              )
                Debtor.            )

OPINION

This matter having come before the Court on an Amended Motion for Sanctions for Willful Violation of the Automatic Stay filed by the Debtor and American General Financial Services' Response to Debtor's Amended Motion for Sanctions; the Court, having heard sworn testimony and arguments of counsel and being otherwise fully advised in the premises, makes the following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

The issue in this matter is to be decided pursuant to the provisions of 11 U.S.C. § 362(k)(1), which states:

> (k)    (1)    Except as provided in paragraph (2), an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

A violation is willful when a creditor acts intentionally with knowledge of the automatic stay or, more generally, the bankruptcy filing. In re Betts, 165 B.R. 233 (Bankr. N.D. Ill. 1994); Mercer v. D.E.F., Inc., 48 B.R. 562 (Bankr. D. Minn. 1985). Knowledge of the bankruptcy filing is the legal equivalent of knowledge of the automatic stay. In re Wagner, 74 B.R. 898, at 904 (Bankr. E.D. Pa. 1987). A specific intent to violate the stay is not required; it is sufficient that the creditor knows of the bankruptcy and engages in conduct that is a violation of the stay. In re Littke, 105 B.R. 905, at 910 (Bankr. N.D. Ind. 1989). However, a Court will not impose sanctions under § 362(k) (formerly § 362(h)) when there has been a mere technical violation of the stay or where it can be found that the creditor has acted in good faith. In re Zunich, 88 B.R. 721 (Bankr. W.D. Pa. 1988). A willful violation of the stay does not require a specific intent to violate the stay, rather the Bankruptcy Code provides for damages upon a finding that the creditor has notice of the stay and the creditor's actions were intentional in and of themselves. In re Welch, 296 B.R. 170 (Bankr. C.D. Ill. 2003).

The material facts in this case were, for the most part, not in serious dispute and are, in pertinent part, as follows:

1.  The Debtor filed for relief under Chapter 13 of the Bankruptcy Code on May 29, 2009. On Schedule B of her bankruptcy petition, the Debtor listed a 2001 Oldsmobile Aurora, having an estimated value of $3,710.

2.  Creditor, American General Financial Services (American General), has a perfected lien against the Debtor's 2001 Oldsmobile Aurora with an unpaid balance of approximately $9,202.28, as of the time of Debtor's bankruptcy filing.

3.  On June 15, 2009, notice of Debtor's Chapter 13 bankruptcy filing was sent, by mail, from the Court to American General Finance, 601 NW 2nd St., Unit 2, Evansville, IN 47708-1013, and also to American General Finance, 513 W. Town Center Blvd., Champaign, IL 61822-1248. No return service was received by the Court on either of these mailings.

4.    On July 16, 2009, the Debtor received a voice-mail from a representative of American General, John Sutton, concerning the debt on the 2001 Oldsmobile Aurora. The Debtor did not return the phone call to American General, but instead notified her counsel of the phone call.

5.    On July 21, 2009, Debtor's 2001 Oldsmobile Aurora was repossessed from the parking lot at Kraft Foods, Inc., in Champaign, Illinois.

6.    On July 22, 2009, Debtor's counsel contacted American General and verified that the 2001 Oldsmobile Aurora had been repossessed by the Creditor. Numerous communications occurred between American General and Debtor's counsel over the next two days, with the result that Debtor's vehicle was returned at approximately 2:00 p.m., on July 23, 2009.

7.    As a result of the repossession, Debtor was inconvenienced in that she missed work for two days, was without personal property inside the car, and was unable to attend to routine errands.

8.    On August 4, 2009, Debtor filed a Motion for Sanctions for Willful Violation of the Automatic Stay against Creditor, America General. Said Motion was subsequently amended on September 22, 2009. Debtor requests, in her Amended Motion, that Creditor, American General, be sanctioned for its willful violation of the automatic stay in repossessing the Debtor's 2001 Oldsmobile Aurora on July 21, 2009.

Under the uncontroverted facts as adduced at hearing on October 27, 2009, the Court finds that Creditor, American General, had actual notice of the Debtor's Chapter 13 bankruptcy filing prior to its attempted contact with the Debtor on July 16, 2009, and the repossession of Debtor's vehicle on July 21, 2009. The bankruptcy notice was mailed to the street address of the Creditor's headquarters in Evansville, Indiana, and was also mailed to an address for the Creditor's local office in Champaign, Illinois, which had a forwarding order to a more recent local address for the Creditor. No return service was received by either the Court or Debtor's counsel for the notices mailed to the Creditor's headquarters and its local office. The Creditor's witness at hearing, Tom

Ludwig, conceded that he believed that American General had received the notice and failed to act properly in that regard.

Having found that Creditor, American General, had actual notice of the Debtor's bankruptcy proceeding, the Court must conclude that the Creditor's actions in attempting to contact the Debtor by telephone on July 16, 2009, and in repossessing the Debtor's vehicle on July 21, 2009, were willful violations of the automatic stay as defined under 11 U.S.C. § 362(k). Pursuant to § 362(k), the Debtor is entitled to recover actual damages, including costs, attorney fees, and, if appropriate, punitive damages. The Court has broad discretion in fixing damages and must consider the nature of the Creditor's actions, the amount of compensatory damages awarded, and the financial condition of the Creditor. See: Professional Seminar Consultants v. Sino American Technology Exchange Counsel, Inc., 272 F.2d 1470 (9th Cir. 1984).

The Court has carefully considered the testimony and evidence presented by the Debtor in support of her claim for damages, costs, and fees. As for the Debtor's actual damages, the Court finds that the credible evidence supports an award of $297.12 for the work the Debtor missed while she was without her vehicle. The Court finds that the Debtor should also be awarded an additional $500 for the frustration and inconvenience she suffered as a result of the repossession. No further award of additional damages is warranted under the evidence properly before the Court. Under the circumstances of this case, the Court finds that a punitive damage award of $1,000 is appropriate, for a total damage award to the Debtor in the amount of $1,797.12.

Pursuant to 11 U.S.C. § 362(k), the Debtor is also entitled to an award for reasonable attorney fees and costs. From a review of the entire record of this matter and of the credible facts adduced at trial, the Court finds that reasonable attorney fees should be awarded in the amount of $1,500, together with expenses of $42.85, for a total award of $1,542.85, in fees for the Debtor's attorneys.

###